

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

C 1

8 |17|w

PAUL J. FISHMAN
U.S. Attorney

MATTHEW T. SMITH
Assistant U.S. Attorney
matthew.t.smith@usdoj.gov

*Camden Federal Building & U.S. Courthouse*
*401 Market Street, 4th Floor*
*P.O. Box 2098*
*Camden, NJ 08101*

856/757-5026
FAX 856/968-4917

MTS/2008R00763
PLEA AG-3

July 30, 2010

**VIA FAX AND FIRST CLASS MAIL**
Michael E. Riley, Esq.
Law Offices of Michael E. Riley
The Washington House
100 High Street, Suite 103
Mount Holly, NJ 08060

Re: Plea Agreement with Javon Gordon

Dear Mr. Riley:

This letter sets forth the plea agreement between your client, Javon Gordon, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until August 6, 2010 at 5:00 p.m., and, if an executed agreement is not received in this Office on or before that date, this offer will expire.

**Charge**

Conditioned on the understandings specified below, this Office will accept guilty pleas from Javon Gordon to Counts Three and Four of the Superseding Indictment, Criminal No. 09-20 (RBK), which charge Javon Gordon with knowingly transporting minors – specifically, A.S. and M.W. – in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2423(a). If Javon Gordon enters guilty pleas and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Javon Gordon for operating a prostitution enterprise – including the sex trafficking of children, the transportation of both children and adults in interstate commerce to engage in prostitution, and the production and possession of child pornography – from in or about September 2007 and continuing through in or about July 2008. In addition, if Javon Gordon fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will

move to dismiss Counts 1, 2, and 5-8 of the Superseding Indictment in Criminal No. 09-20 (RBK), against Javon Gordon. However, in the event that guilty pleas in this matter are not entered for any reason or the judgment of conviction entered as a result of these guilty pleas does not remain in full force and effect, Javon Gordon agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Javon Gordon may be commenced against him, notwithstanding the expiration of the limitations period after Javon Gordon signs the agreement.

**Sentencing**

The violations of 18 U.S.C. § 2423(a) to which Javon Gordon agrees to plead guilty each carry a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count (Counts 3 and 4) may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Javon Gordon is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Javon Gordon ultimately will receive.

Further, in addition to imposing any other penalty on Javon Gordon, the sentencing judge: (1) will order Javon Gordon to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Javon Gordon to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Javon Gordon, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. §§ 982 and 2428; and (5) pursuant to 18 U.S.C. § 3583(k), must require Javon Gordon to serve a term of supervised release of at least 5 years and up to life, which will begin at the expiration of

any term of imprisonment imposed. Should Javon Gordon be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Javon Gordon may be sentenced to not more than 5 years imprisonment, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Also, because this conviction involves a sex offense as described in The Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248) (the "Walsh Act"), enacted July 26, 2006, the Court must, under, 18 U.S.C. § 3583(d), impose a mandatory condition of supervision that Javon Gordon register with the appropriate state sex offender registration agency pursuant to the Sex Offender Registration and Notification Act (Title I of the Walsh Act)). Because Javon Gordon is required to register under the Sex Offender Registration and Notification Act, if, while on supervised release, he commits any criminal offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of Title 18 for which imprisonment for a term longer than 1 year can be imposed, the Court shall: (1) revoke the term of supervised release; and (2) require Javon Gordon to serve a term of imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

**Forfeiture**

Javon Gordon agrees to forfeit to the United States, pursuant to 18 U.S.C. §§ 982 and 2428, any property, personal or real, that constitutes or was derived from or traceable to the offenses or that was used or intended to be used to commit or to facilitate the commission of the offense to which he is pleading guilty, and any proceeds he obtained directly or indirectly as a result of his participation in the offense to which he is pleading guilty.

**Rights of this Office Regarding Sentencing**

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Javon Gordon by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Javon Gordon's

activities and relevant conduct with respect to this case.

### Stipulations

This Office and Javon Gordon agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Javon Gordon from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Javon Gordon waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged

4

offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Registration Consequences**

The defendant understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. The defendant wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. The defendant understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Javon Gordon. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Javon Gordon.

**No Other Promises**

This agreement constitutes the plea agreement between Javon Gordon and this Office and supersedes any previous agreements between them. No

additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JASON M. RICHARDSON
MATTHEW T. SMITH
Assistant U.S. Attorneys

APPROVED:

JAMES P. LYNCH
Assistant U.S. Attorney
Attorney-in-Charge

6

I have received this letter from my attorney, Michael Riley, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration and registration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


*[signature]*                                    Date:
JAVON GORDON


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration and registration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


*[signature]*                                    Date: 8/18/10
MICHAEL RILEY, Esq.

## Plea Agreement With Javon Gordon

### Schedule A

1. This Office and Javon Gordon recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Javon Gordon nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Javon Gordon within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Javon Gordon further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.

### COUNT THREE

3. The applicable guideline is U.S.S.G. § 2G1.3(a)(3). This guideline carries a Base Offense Level of 28.

4. The offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. Pursuant to U.S.S.G. § 2G1.3(b)(3), defendant's base offense level is increased 2 levels.

5. The offense involved the commission of a sex act or sexual contact and a commercial sex act. Pursuant to U.S.S.G. § 2G1.3(b)(4), defendant's base offense level is increased 2 levels.

6. Therefore the agreed total offense level for Count 3 is 32.

### COUNT FOUR

7. The applicable guideline is U.S.S.G. § 2G1.3(a)(3). This guideline carries a Base Offense Level of 28.

8. The offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. Pursuant to U.S.S.G. § 2G1.3(b)(3), defendant's base offense level is increased 2 levels.

9. The offense involved the commission of a sex act or sexual contact and a commercial sex act. Pursuant to U.S.S.G. § 2G1.3(b)(4), defendant's base offense level is increased 2 levels.

10. Therefore the agreed total offense level for Count 4 is 32.

### ALL COUNTS (GROUPING)

11. In accordance with the above and pursuant to § 3D1.2(d), Counts 3 and 4 of the Indictment are <u>not</u> to be grouped together. Therefore, under § 3D1.1(a)(3), the combined offense level applicable to Counts 3 and 4 taken together is determined by applying § 3D1.4.

12. Section 3D1.4 requires that the combined offense level be determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level according to the table in § 3D1.4. Pursuant to paragraphs 3 - 10 of this <u>Schedule A</u>, both Counts 3 and 4 have an offense level of 32. Under § 3D1.4(a), Count 3 counts as one Unit and Count 4 (because it has an offense level equal to Count 3) also counts as one Unit. Thus, the total number of Units is 2. <u>See</u> U.S.S.G. § 3D1.4(a).

13. According to the table in § 3D1.4, the offense level must be increased by 2 levels, making the total combined offense level 34.

14. As of the date of this letter, Javon Gordon has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Javon Gordon's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, Javon Gordon has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If javon Gordon enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Javon Gordon's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Javon

Gordon will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Javon Gordon will be 31 (collectively, "the agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

18. Javon Gordon knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

20. The parties agree to recommend to the Court that the sentence imposed on this case should run concurrently with the State of New Jersey sentence Javon Gordon is presently serving, (starting from the date of sentencing) on the instant charges. See U.S.S.G. § 5G1.3.

21. Javon Gordon agrees to forfeit all interests in any prostitution related

10

assets that the defendant currently owns, has previously owned or over which Javon Gordon currently, or has in the past, exercised control, directly or indirectly, and any property Javon Gordon has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense or used to facilitate his offense, including but not limited to, the following specific property:

1. A Blackberry Cellular telephone Model 7200, blue in color with IMEI# 357493004945495;

2. A Blackberry cellular telephone, Model 8320, black in color with an IMEI# 358265012611783;

3. A Blackberry Cellular telephone, model 7100 silver in color with an IMEI# 354529003363462;

4. A Motorola Cellular phone, black in color, model H80XAH6RRIAN with an IMEI# 001702747933660;

5. A Sony Cybershot 7.2 megapixel digital camera bearing serial number 0978623 with a 1 gigabyte Pro Duo Memory Card;

6. Removable media described as a I/O Magic Gigabank, 8GB, storage device bearing serial number 0978623; and

7. Hewlett Packard Pavilion laptop computer, model DV6000 bearing serial number CNF8041JHN.

Javon Gordon warrants that he is the owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

22. Javon Gordon further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Javon Gordon agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Javon Gordon acknowledges that he understands that the forfeiture of assets is

11

part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

23. Javon Gordon further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Javon Gordon agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Javon Gordon acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.