AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

Case Number 1:09-CR-00020 (01)

JAVON GORDON, A/K/A "TEFLON"

Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, JAVON GORDON, A/K/A "TEFLON", was represented by Michael E. Riley, Esq.

On motion of the United States the court has dismissed the Original Indictment and count(s) 1, 2, 5-8 of the Superseding Indictment.

The defendant pled guilty to count(s) 3 & 4 of the SUPERSEDING INDICTMENT on 8/19/2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:2423(a) | Transporting Minors in Interstate Commerce to Engage in Prostitution | From in or about March 2008 to on or about April 16, 2008 | 3 |
| 18:2423(a) | Transporting Minors in Interstate Commerce to Engage in Prostitution | In or about July 2008 | 4 |

As pronounced on September 16, 2011, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for count(s) 3 & 4, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 19th day of September, 2011.

ROBERT B. KUGLER
United States District Judge

08360

Defendant: JAVON GORDON, A/K/A "TEFLON"
Case Number: 1:09-CR-00020 (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 Months, on each of Counts Three and Four, to be served concurrently with each other.

**The Court makes the following recommendations to the Bureau of Prisons:**

The defendant be designated to a facility for service at or near the Southern District of Florida.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

________________________________________
________________________________________
________________________________________
________________________________________

Defendant delivered on __________________ to ____________________________
at __________________________________, with a certified copy of this Judgment.

____________________
United States Marshal

By ____________________
Deputy Marshal

Defendant: JAVON GORDON, A/K/A "TEFLON"
Case Number: 1:09-CR-00020 (01)

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of LIFE.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

GAMBLING RESTRICTIONS AND REGISTRATION ON EXCLUSION LISTS

You shall refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets. You shall register on the self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission within 60 days of the commencement of supervision and remain on these lists for the duration of supervision. The Probation Officer shall supervise your compliance with this condition.

COOPERATION WITH IMMIGRATION AND CUSTOMS ENFORCEMENT

You shall cooperate with Immigration and Customs Enforcement to resolve any problems with your status in the United States. You shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, you shall not re-enter the United States without the written permission of the Attorney General. If you re-enter the United States, you shall report in person to the nearest U.S. Probation Office within 48 hours.

MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

RESTRICTED CONTACT WITH MINORS

With the exception of brief, unanticipated and incidental contacts, you shall not associate with children under the age of 18, except for family members or children in the presence of an adult who has been approved by the probation officer. You shall not obtain employment or perform volunteer work which includes, as part of its job/work description, contact with minor children, without the expressed approval of the U.S. Probation Office. You shall not maintain, within your residence or within any outside establishment within your control or custody, a collection of films, slides, pictures, tapes, videotapes or other form of pictorial representation whose subject matter involves minor children of either sex and can be deemed to be

pornographic. The probation office shall have the right of reasonable search of your person and residence, or any other establishment within your custody or control, and shall, if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

POLYGRAPH EXAMINATION

You shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the Probation Officer, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the Probation Officer, based on ability to pay or availability of third-party payment.

RESTRICTIONS FROM ENTERING GAMBLING ESTABLISHMENTS

You shall not enter any gambling establishment without the permission of the U.S. Probation Office and/or the Court.

SEX OFFENDER REGISTRATION

At the commencement of supervision, you shall register with the state sex offender registration agency in the State of New Jersey and any state where you reside or are employed, carry on a vocation, or are a student, as directed by the U.S. Probation Office.

Defendant: JAVON GORDON, A/K/A "TEFLON"
Case Number: 1:09-CR-00020 (01)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual

Defendant: JAVON GORDON, A/K/A "TEFLON"
Case Number: 1:09-CR-00020 (01)

and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) ______________________________________
Defendant Date

______________________________________
U.S. Probation Officer/Designated Witness Date

Defendant: JAVON GORDON, A/K/A "TEFLON"
Case Number: 1:09-CR-00020 (01)

**RESTITUTION AND FORFEITURE**

**FORFEITURE**

The defendant is ordered to forfeit the following property to the United States:

1. a Blackberry cellular telephone, Model 7200, blue in color with IMEI #357493004945495;
2. a Blackberry cellular telephone, Model 8320, black in color with IMEI #358265012611783;
3. a Blackberry cellular telephone, Model 7100 silver in color with IMEI #354529003363462;
4. a Motorola Cellular phone, black in color, model HI80XAii6RRIAN with an IMEI #001702747933660;
5. a Sony cybershot 7.2 megapixel digital camera bearing serial number 0978623 with a 1 gigabyte Pro Duo Memory Card;
6. removable media described as a I/O Magic Gigabank, 8GB, storage device bearing serial number 0978623; and
7. Hewlett Packard Pavillion laptop computer, model DV6000 bearing serial number CNF8041JHN.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.