UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. No. 09-020-1 (RBK) |
| v. | : | |
| | : | |
| JAVON GORDON, | : | **OPINION** |
| | : | |
| Defendant. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Defendant, Javon Gordon, is a federal inmate currently incarcerated at U.S.P. Victorville, in Adelanto, California. He is proceeding with a motion for an extension of time to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be denied, however, the Clerk will be ordered to file defendant's motion for an extension of time as his actual 28 U.S.C. § 2255 motion under a separate newly opened civil action.

## II.   BACKGROUND

Defendant pled guilty to two counts of transporting minors in interstate commerce to engage in prostitution. On September 19, 2011, the Court entered judgment against defendant and he was sentenced to 188 months imprisonment to be followed by a lifetime of supervised release. Defendant did not file a direct appeal.

On September 14, 2012, defendant filed a *pro se* motion for an extension of time to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (*See* Dkt. No.

---

[1] Pursuant to the prisoner "mailbox rule," defendant's court filings are deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). When a court is unable to determine the exact date that a prisoner handed his petition to a prison

1

60.)  He seeks an extension of time so that he can file a § 2255 motion with the assistance of jail house inmate legal assistance.  He then expounds on the claims he seeks to bring in his § 2255 motion, including ineffective assistance of counsel claims.

### III.     DISCUSSION

A. Motion for Extension of Time to File a § 2255 Motion

As stated above, defendant has labeled his filing as a motion for an extension of time to file a § 2255 motion.  In *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit held that:

> a § 2255 motion for an extension of time to file a § 2255 motion is . . . a continuation of the underlying criminal case.  Thus, a district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is filed.

Because any potential § 2255 motion defendant may file would be filed after April 24, 1996, defendant is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  Under 28 U.S.C. § 2255(f), defendant had one year in which to collaterally attack his judgment and conviction.  This one year period began to run when defendant's "judgment of conviction became final." 28 U.S.C. § 2255(f)(1).  As defendant did not file a direct appeal from his judgment and conviction, his judgment became final for § 2255 purposes fourteen days after the judgment was entered on September 19, 2011.  *See McAuley v. United States*, No. 11-6930, 2013 WL 618207, *4 (D.N.J. Feb. 19, 2013) (citing

---

official for mailing, it will look to the signed and dated certification of the petition.  *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir 1998) (using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").  In this case, defendant's motion for an extension of time is dated September 14, 2012.  Therefore, that is the date that the Court shall use for purposes of determining when he filed his motion.

*Antigua-Diaz v. U.S.*, No. 11-6802, 2012 WL 4194500, at *2 (D.N.J. Sept. 17, 2012); FED. R. APP. P. 4(b)(1)(A)). Accordingly, defendant had until October 3, 2012 to file his § 2255 motion. As noted above, defendant filed his motion for an extension of time to file a § 2255 motion on September 14, 2012, or within the one-year AEDPA statute of limitations period. He requested additional time so that "jail house inmate assistance" could review and record his case. (Dkt. No. 60 at p. 1.)

"There are no bright-line rules for determining whether extra time should be permitted in a particular case." *Thomas*, 713 F.3d at 174 (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Instead, "the unique circumstances of each defendant seeking relief must be taken into account." *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2012)). "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Pabon*, 654 F.3d at 190) (other citation omitted). "Equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562-63 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

It appears as if defendant seeks additional time to file his § 2255 motion based on his lack of legal knowledge. Indeed, he seeks to have "jail house inmate assistance" review his claims. This lack of legal knowledge is insufficient to grant the motion. *See, e.g.*, *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (noting that lack of legal knowledge or legal training does not alone justify equitable tolling AEDPA statute of limitations) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)); *see also Hudson v.*

3

*Tritt*, No. 13-3068, 2014 WL 1672252, at *4 (M.D. Pa. Apr. 28, 2014) ("[I]t is well settled that a habeas petitioner cannot show that his lack of education or legal knowledge is an extraordinary circumstance.") (citations omitted); *Biergegu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) (stating that lack of legal knowledge does not constitute extraordinary circumstance required for equitable tolling).  Accordingly, the motion for an extension of time to file a § 2255 motion will be denied.

    B.  <u>Reharacterizing the Motion for an Extension of time as a Motion to Vacate Under § 2255</u>

The fact that the Court is denying the motion for an extension of time does not end the matter.  Indeed, besides requesting additional time to file, defendant also details (at least in part) the claims that he seeks to bring in a § 2255 motion.

In *Tatar v. United States*, No. 13-3317, 2013 WL 2452680 (D.N.J. June 5, 2013), this Court was presented with a similar circumstance in which the defendant had filed a motion for an extension of time to file a § 2255 motion.  After denying that motion, this Court then gave Tatar the option, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), of either:  (1) recharacterizing his motion for an extension of time as his actual § 2255 motion; or (2) withdrawing his motion and permitting him to file an all-inclusive § 2255 motion provided it is handed to prison officials before the statute of limitations expired.  *See Tatar*, 2013 WL 2452680, at *3-4.

In this case, however, defendant no longer has the option of withdrawing his motion so as to file an all-inclusive § 2255 motion as the statute of limitations for him to file a new § 2255 motion has now expired.  Therefore, the only option remaining for defendant is to have his motion for an extension of time construed as his § 2255 motion.  Accordingly, the Clerk will be

ordered to refile defendant's motion for an extension of time as his § 2255 motion in a new civil action as his actual § 2255 motion.

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Defendant did not use the habeas form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). Therefore, the Clerk will be ordered to send defendant a blank copy of the correct form for him to fill out and complete that raises the claims he included in his motion for an extension of time. If defendant does not complete and submit back to the Court a filled out copy of his § 2255 motion on the correct form within thirty days, the Court may dismiss the newly opened civil action for failure to prosecute.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion for an extension of time to file a § 2255 motion is denied. The Clerk will be ordered to refile the motion under a new civil action number as a motion to vacate, set aside or correct defendant's sentence pursuant to 28 U.S.C. § 2255. Defendant shall have thirty days from the date of this Opinion and Order in which to file his § 2255 motion on the proper form. Failure to do so may result in dismissal of that newly opened civil action for defendant's failure to prosecute. An appropriate Order will be entered.


DATED:   October 28, 2014

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge